At the United States District Court for the Eastern District of New York, At the United States Courthouse located at 225 Cadman Plaza East, Brooklyn, New York on the 4th day of Nov., 2005

PRESENT:

HON. CHERYL POLLAK
U.S. MAGISTRATE JUDGE

✶ Nov 9 2005 ✶

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RAMEL MCCASKELL, an infant under the age
of (7) years, by his mother and natural guardian,
BRENDA LAN, and BRENDA LAN, individually,

                          Plaintiffs,

      -against-

AIRTRAN AIRWAYS, INC.

                          Defendant.
-----------------------------------------------------------------X
AIRTRAN AIRWAYS, INC.

                         Third-Party Plaintiff,

      -against-

MARIAN LAN.

                         Third-Party Defendant
-----------------------------------------------------------------X

**INFANT COMPROMISE ORDER**

03 CV 4248 (J. Gleeson)

      Upon reading and filing the Affidavit/Petition of BRENDA LAN, mother and guardian of RAMEL MCCASKELL, duly sworn to on the 27th day of October, 2005, the Affirmation of JOHN TULENKO, M.D., duly affirmed on the 1st day of November, 2005, the Declaration of

SETH M. KATZ, ESQ., an associate of the LAW OFFICES OF KENNETH A. WILHELM, attorneys for the plaintiffs/petitioners, duly affirmed on the 3rd day of November, 2005, upon all the exhibits thereto, and it appearing to the satisfaction of the Court that the infant, RAMEL MCCASKELL, is under the age of seven (7) years, having been born on February 27, 1999, and the infant-plaintiff, his mother and their attorney having appeared before me and the Court on August 17, 2005, and the Court having interviewed them,

AND it appearing to the satisfaction of this Court that there is good and sufficient reason to permit the said BRENDA LAN to compromise the infant's claim against the defendant for personal injuries sustained by the infant arising out of the accident of September 7, 2002;

AND, it further appearing that said compromise will be in the infant's best interest, and that the said BRENDA LAN, the infant's mother and natural guardian, is willing to accept and compromise the said claim, and the defendants and/or their representatives having consented to the settlement of the said claim of the said infant in the sum of $275,000.00, and that the said defendant and/or their representatives are willing to pay the same as directed by an Order of this Court,

NOW, on motion of the LAW OFFICES OF KENNETH A. WILHELM, attorneys for the plaintiffs, it is

ORDERED, that BRENDA LAN, as mother and natural guardian of the infant, RAMEL MCCASKELL, be and hereby is authorized and empowered to compromise the infant's claim for personal injuries in the total sum of $275,000.00; and it is further

ORDERED, that out of said sum defendants and/or their representatives are authorized and directed to pay to HIP of Greater New York the sum of $ 297.93, for their outstanding lien; and it is further

ORDERED, that out of said sum defendants and/or their representatives are authorized and directed to pay to Grady Health System the sum of $ 371.35, for their outstanding lien; and it is further

ORDERED, that out of the said sum, the defendants and/or their representatives are authorized and directed to pay to the LAW OFFICES OF KENNETH A. WILHELM, $ 3,573.00 for their expenses and disbursements incurred in the prosecution of said infant's personal injury claim, and it is further

ORDERED, that out of the said sum, the defendants and/or their representatives are authorized and directed to pay the LAW OFFICES OF KENNETH A. WILHELM, $ 90,457.67 for their fees for legal services rendered by them on behalf of the said infant and guardian, and it is further

ORDERED, that out of said sum, after payment of medical liens, attorney's disbursements and legal fees, the balance, to wit, the sum of $ 60,094.02 shall be paid to BRENDA LAN, on behalf of and for the infant plaintiff, RAMEL MCCASKELL, jointly with an officer of HSBC BANK, located at 5929 Flatlands Ave, Brooklyn NY, in an account bearing the highest interest rate available, in the name of said guardian to the credit of said infant, to be paid to the infant on or after February 27, 2017, when he reaches eighteen (18) years of age, upon presentment of proper age, unless an earlier withdrawal is authorized by a further Order of this Court; and it is further

ORDERED, that out of said sum, after payment of medical liens, attorney's disbursements and legal fees, the balance, to wit, the sum of $ 60,094.02 shall be paid to BRENDA LAN, on behalf of and for the infant plaintiff, RAMEL MCCASKELL, jointly with an officer of Northfork Bank, located at 2102 Ralph Ave, Brooklyn NY, in an account bearing the highest interest rate available, in the name of said guardian to the credit of said infant, to be paid to the infant on or after February 27, 2017, when he reaches eighteen (18) years of age, upon presentment of proper age, unless an earlier withdrawal is authorized by a further Order of this Court; and it is further

ORDERED, that out of said sum, after payment of medical liens, attorney's disbursements and legal fees, the balance, to wit, the sum of $ 60,094.01 shall be paid to BRENDA LAN, on behalf of and for the infant plaintiff, RAMEL MCCASKELL, jointly with an officer of Washington Mutual, located at 2401 Ralph Ave, Brooklyn NY, in an account bearing the highest interest rate available, in the name of said guardian to the credit of said infant, to be paid to the infant on or after February 27, 2017, when he reaches eighteen (18) years of age, upon presentment of proper age, unless an earlier withdrawal is authorized by a further Order of this Court; and it is further

ORDERED, that no partial withdrawals will be made unless the order directing same bears the raised seal of this Court; and it is further

ORDERED, that the filing of a bond herein is dispensed with, and it is further

ORDERED, that the said mother and natural guardian, BRENDA LAN, is hereby authorized and empowered to execute and deliver to the defendants and/or their representatives a General Release, a Stipulation of Discontinuance, and any and all other papers necessary to effectuate this compromise and collect the proceeds thereof; and it is further

ORDERED, that conditioned upon the compliance with the terms and conditions of this order, the parties shall be discharged from all further liability in accordance with and pursuant to the settlement herein.

ENTER

s/Cheryl Pollak
U.S.M.J.

11/4/05